IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DESHONTE LEJUAN HICKS | § | CASE NUMBER: 21-42037-13 |
| | § | |
| | § | CHAPTER 13 |
| | § | |
| DEBTOR(S). | § | |
| | § | |

**HEARING DATE: <u>September 1st, 2022</u> : TIME: <u>08:30 AM</u>**

**DEBTOR'S MODIFICATION OF CHAPTER 13 PLAN AFTER CONFIRMATION**

PLAN MODIFICATION DATE: August 1, 2022

**DISCLOSURES**

☐ This *Plan Modification* contains *Nonstandard Provisions* listed in Section IX.

☒ This *Plan Modification* does not contain *Nonstandard Provisions* listed in Section IX.

NO HEARING WILL BE CONDUCTED UNLESS A WRITTEN OBJECTION IS FILED WITH THE U.S. BANKRUPTCY CLERK AT ELDON B. MAHON U.S. COURTHOUSE 501 W. 10TH ST., RM. 147 FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS AT LEAST 21 DAYS FROM THE DATE SERVED. ANY OBJECTION SHALL BE IN WRITING AND FILED WITH THE CLERK. IF AN OBJECTION IS TIMELY FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO OBJECTION IS TIMELY FILED, THIS MODIFICATION SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER APPROVING IT.

UNLESS OTHERWISE SET OUT IN THIS PLAN MODIFICATION, ALL PROVISIONS, SCHEDULED AMOUNTS, VALUATIONS, INTEREST RATES, MONTHLY PAYMENT AMOUNTS, AND ASSUMPTIONS OR REJECTIONS OF UNEXPIRED LEASES OR EXECUTORY CONTRACTS ("TERMS") ARE NOT MODIFIED AND SHALL REMAIN AS SET FORTH IN THE CHAPTER 13 PLAN, THE ORDER CONFIRMING THE CHAPTER 13 PLAN, THE ORDER APPROVING THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS, OR AN ORDER APPROVING A PRIOR MODIFICATION OF THE CHAPTER 13 PLAN, WHICHEVER WAS ENTERED LATER. ALL TERMS SHALL BE INCORPORATED IN AND CONSTITUTE PROVISIONS OF THIS PLAN MODIFICATION. ALL PARTIES SHALL BE BOUND BY THE TERMS OF THIS PLAN MODIFICATION UNLESS DISAPPROVED. LANGUAGE IN ITALICIZED TYPE IN THIS PLAN MODIFICATION IS DEFINED IN GENERAL ORDER 2021-01 STANDING ORDER CONCERNING CHAPTER 13 CASES AND AS IT MAY BE SUPERSEDED OR AMENDED ("GENERAL ORDER"). ALL PROVISIONS OF THE GENERAL ORDER SHALL APPLY TO THIS PLAN MODIFICATION AS IF FULLY SET OUT HEREIN.

Pursuant to 11 U.S.C. §1329 *Debtor* requests the following modification(s) to the *Debtor's* Chapter 13 *Plan*.

## I. REASON(S) FOR MODIFICATION

__X___ 1. Cure *Plan* arrears to the *Trustee*.
_____ 2. Provide for or modify treatment of a Secured (paragraph V) and/or Priority (paragraph VI) claim.
_____ 3. Provide for payment to the *Mortgage Lender* through the *Conduit Program* (paragraph III).
_____ 4. Cure any post-petition *Mortgage Arrearage* (paragraph IV).
_____ 5. Make *Plan* sufficient based on allowed claims.
_____ 6. Modify the Unsecured Creditors' Pool from $_____ to $_____.
_____ 7. Modify the value of non-exempt property from $_____ to $_____.
_____ 8. Supersede an Interlocutory Order (Docket #_).
__X___ 9. Allow Debtor's counsel's fees for this modification (paragraph VII).
_____ 10. Other:_____.

## II. NEW *PLAN PAYMENT* TO *TRUSTEE* AMOUNT AND TERM

DATE OF CALCULATION:   08/01/2022

TOTAL PAID IN*:   $7,000.00

NUMBER OF MONTHS SINCE PETITION DATE: 12

*Provide the total amount paid to the *Trustee* as of the Date of Calculation less any refunds by the Trustee to the *Debtor*.

The *Plan Payment(s)* to the *Trustee* shall be changed to:

| Start Date for Payments under Modification** (MM/DD/YY) | Number of Periods | *Plan Payment* Monthly Amount |
|---|---|---|
| 8/29/2022 | 49 | $1,000.00 |
|  |  |  |

NEW *BASE AMOUNT*: $56,000.00

***DEBTOR'S* NEW *PLAN PAYMENT* START DATE MAY NOT BE MORE THAN THIRTY (30) DAYS FROM THE DATE OF THIS *PLAN MODIFICATION* AND MUST BE THE SAME DAY OF THE MONTH THAT THE *DEBTOR'S PLAN PAYMENT* IS DUE UNDER THE CONFIRMED *PLAN*.

### III. CURRENT POST-PETITION MORTGAGE PAYMENTS TO BE DISBURSED BY THE TRUSTEE

| *Mortgage Lender* | Current Mortgage Payment Amount | Date to Resume *Current Post-Petition Mortgage Payments** (MM/DD/YY) |
|---|---|---|
|  |  |  |
|  |  |  |

*IF THE *DEBTOR* DOES NOT INCLUDE A DATE TO RESUME THE *CURRENT POST-PETITION MORTGAGE PAYMENTS* IN A CASE THAT IS A CONDUIT CASE AT THE TIME THIS *PLAN MODIFICATION* IS FILED, THE DATE TO RESUME DISBURSING THE *CURRENT POST-PETITION MORTGAGE PAYMENTS* SHALL BE THE FIRST DAY OF THE SECOND MONTH FOLLOWING THE START DATE OF THE FIRST *PLAN PAYMENT* UNDER THIS *PLAN MODIFICATION*.

1. *Current Post-Petition Mortgage Payments* shall be paid by the *Trustee* as set out in paragraph III of this *Plan Modification* or as otherwise provided in the General Order.
2. *Current Post-Petition Mortgage Payment* Arrearages due as of the date to resume the *Current Post-Petition Mortgage Payments* shall be paid by the *Trustee* as set out in paragraph IV of this *Plan Modification* or as otherwise provided in the General Order.
3. Any *Current Post-Petition Mortgage Payments* indicated herein reflects what the *Debtor* believes are the periodic payment amounts owed to the *Mortgage Lender*.
4. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order Paragraph 15(c)(3).
5. Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.
6. Upon completion of all *Plan Payments*, *Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.
7. Unless otherwise ordered by the Court, if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.
8. Each claim secured by the *Debtor's* principal place of residence shall constitute a separate class.
9. *Mortgage Lenders* shall retain their liens.

## IV. PROVIDE FOR ANY POST-PETITION *MORTGAGE ARREARAGE*

| *Mortgage Lender* | Total Amount of Post-Petition *Mortgage Arrearage* | Due Date(s) (MM/DD/YY) | Interest Rate | Treatment ($/Mo or Pro Rata) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

The Post-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest, if any, set out in this *Plan Modification*. To the extent interest is provided, it will be calculated from the first day of the month that an order is entered approving this *Plan Modification*.

ANY CURRENT POST-PETITION *MORTGAGE PAYMENTS* WHICH HAVE BECOME DUE TO THE *MORTGAGE LENDER* AS OF THE TIME OF THE DATE TO RESUME *CURRENT POST-PETITION MORTGAGE PAYMENTS* UNDER THIS *PLAN MODIFICATION* WILL BE CLASSIFIED AS A POST-PETITION *MORTGAGE ARREARAGE*. IF DESIGNATED TO BE PAID PER-MO, SUCH POST-PETITION *MORTGAGE ARREARAGE* WILL BE PAID AS A LEVEL 5 CLAIM UNDER THE ORDER OF PAYMENT. IF DESIGNATED TO BE PAID PRO-RATA, SUCH POST-PETITION *MORTGAGE ARREARAGE* WILL BE PAID AS A LEVEL 6 CLAIM UNDER THE ORDER OF PAYMENT.

## V. PROVIDE FOR OR MODIFY TREATMENT OF SECURED CLAIMS

| Creditor Name | Claim Amount | Collateral Description | Value of Collateral | Interest Rate | Treatment ($/Mo, Pro Rata, Direct, Surrender) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

The automatic stay shall be terminated and the *Trustee* shall cease disbursements on any secured claim which is secured by any *Surrendered Collateral* (Surr), without further order of the court, pursuant to the General Order.

## VI. PROVIDE FOR OR MODIFY TREATMENT OF PRIORITY CLAIMS

| Creditor Name | Claim Amount | Interest Rate | Treatment<br>($/Mo, Pro Rata, Direct, Surrender) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

### VII. *DEBTOR'S COUNSEL'S* FEE FOR THIS MODIFICATION

| Total Amount of Fee | Amount of Fee Paid Direct | Amount of Fee to Be Disbursed by *Trustee* |
|---|---|---|
| $650.00 | $0.00 | $650.00 |

Any additional attorney fee to be disbursed by the *Trustee* will be paid as set out in the Order of Payment.

### VIII. ORDER OF PAYMENT

Unless otherwise ordered by the Court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an Order of Confirmation of the Chapter 13 *Plan*, whether pursuant to this *Plan Modification* or a further modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st − Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees will be paid in full.
2nd − *Current Post-Petition Mortgage Payments* (as adjusted, if necessary, per General Order) which will be paid per mo.
3rd − Secured Creditors designated to be paid per mo and Domestic Support Obligations which will be paid per mo.
4th − Attorney Fees which will be paid pro-rata.
5th − Post-Petition *Mortgage Arrearage* if designated to be paid per mo.
6th − Post-Petition *Mortgage Arrearage* if designated to be paid pro-rata.
7th − Arrearages owed on Executory Contracts and Unexpired Leases which will be paid per mo.
8th − Pre-Petition *Mortgage Arrearage* if designated to be paid per mo.
9th − Pre-Petition *Mortgage Arrearage* and Secured Creditors if designated to be paid pro-rata.
10th − All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges* which will be paid pro-rata. 11th − Priority Creditors Other than Domestic Support Obligations which will be paid pro-rata.
12th − Special Class Creditors which will be paid per mo.
13th − Unsecured Creditors other than late filed or penalty claims which will be paid pro-rata.
14th − Late filed claims by Secured Creditors which will be paid pro-rata unless otherwise ordered by the Court.
15th − Late filed claims for DSO or filed by Priority Creditors which will be paid pro-rata.
16th − Late filed claims by Unsecured Creditors which will be paid pro-rata.
17th − Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims which will be paid pro- rata.

### IX. NONSTANDARD PROVISIONS

Any *Nonstandard Provisions* will be void unless the appropriate box on page one of this *Plan Modification* is checked. The following *Nonstandard Provisions*, if any, constitute terms of this Plan. Any *Nonstandard Provision* placed elsewhere in the *Plan Modification* is void.

Date: August 1, 2022
Respectfully Submitted,
 /s/ David Shuster
DAVID SHUSTER
SBN: 24037491
**Shuster Law, PLLC**
860 Hebron Parkway, Suite 303
Lewisville, Texas 75057
Tel: 972.315.6222
Fax: 972.315.6223
Email: david@shusterlawfirm.com
ATTORNEY FOR DEBTOR(S)

**CERTIFICATE OF SERVICE**

On this date, August 1, 2022, a true and correct copy of the foregoing Debtor's Motion to Modify Chapter 13 Plan Post-Confirmation, was noticed via electronic means where available or by first class mail, postage prepaid, to the following parties and to those parties listed on the attached matrix.

By: /s/ David Shuster
DAVID SHUSTER